## Case No. 3,933.

DIXON v. RAMSAY.

[1 Cranch, C. C. 496.] [1]

Circuit Court, District of Columbia. July Term, 1808.

### SALES OF LAND UNDER WILL.

The proceeds of sales of lands made under a will to pay debts are equitable assets.

Assumpsit. Plene administravit, and issue.

Mr. Taylor, for defendant, contended that, on the plea of plene administravit, the plain-

[1] [Reported by Hon. William Cranch, Chief Judge.]

tiff could not give evidence of lands ordered by the will to be sold by the executor to pay debts, and sold accordingly. They are only assets in equity, and to be distributed pari passu.

C. Lee, for plaintiff. Money received for lands sold by executors, under a will devising them to be sold by executors to pay debts, is assets at law and not in equity. Burwell v. Corrant, Hardr. 405.

Mr. Taylor, in reply. The case in Hardres is not now law. Courts have leaned to the other side, and rather consider them equitable than legal assets. If equitable they cannot be given in evidence in a suit at law. 6 Bac. Abr. 537, tit. "Exectors," H. Gwillim's note; Toll. Ex'rs, 328; Newton v. Bennet, 1 Brown, Ch. 135; Silk v. Prime, Id. 138; 2 Fonbl. Eq. bk. 4, pt. 2, c. 2. § 1, note d; Harg. Co. Litt. 113. note 2; Freemoult v. Dedire. 1 P. Wms. 430; Batson v. Lindegreen, 2 Brown, Ch. 94; Prowse v. Abingdon, 1 Atk. 484.

C. Lee, contra. On plene administravit the defendant must show that he has fully administered equitable as well as legal assets. The plaintiff is a simple contract creditor; if he had been a specialty creditor it might possibly be otherwise. The cases are contradictory. Toll. Ex'rs, 331; Blatch v. Wilder, 1 Atk. 420.

THE COURT (nem. con.) was of opinion that the money arising from the sale of the land was equitable and not legal assets, and that the defendant was only bound to account for legal assets in this case.